■ MARLIT M. WOLFENSTELLER, Appellant, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Order, Supreme Court, New York County entered on January 4, 1972, unanimously affirmed, without costs and without disbursements. Concur — Murphy, McNally, Steuer and Tilzer, JJ.; Kupferman, J. P., concurs in the result in the following memorandum: Plaintiff-appellant is a German national who spends substantial amounts of time in New York State under a nonimmigrant visa and has a German driver's license validated by the Consulate General in New York City of the Federal Republic of Germany, which, because of the reciprocal relationship, entitles her pursuant to the provisions of secton 250 of the Vehicle and Traffic Law to an exemption from the licensing requirement for motor vehicle operation. She brings this declaratory judgment action against the Commissioner of Motor Vehicles of the State of New York to enjoin him " and his agents from interfering " with her right to drive. Actually, however, her complaint is against local police officers who on two occasions have charged her with traffic violations and also for " unlicensed operation ". The Commissioner maintains that he does not in any way interfere, and that the provision in the New York State Driver's Manual, page 9, that " Foreign visitors should check with the Motor Vehicle Department to determine if their licenses are valid in New York State " does not in and of itself require any action on his part. While it seems apparent that the plaintiff does not need any document from the Commissioner in order to validate her right to drive in the State of New York on the basis of her German license, such validation would give her standing only equivalent to that of one who holds a regularly issued New York State driver's license. She is still subject to all

other obligations of the traffic law. In the instances where she has been previously charged, without the Commissioner being in any way involved, there were other aspects of violation, and the matter of the German operator's license was only incidental. Under the circumstances, there is no need to declare the obvious or to enjoin the Commissioner who takes no position contrary to the plaintiff-appellant's contentions. Perhaps, however, there should be legislation so that one, on the basis, as here, of a valid foreign license, could obtain a temporary New York State reciprocal license and avoid the necessity of repeated explanations to local officials.